Qian v. Holder

BIA
Weisel, IJ
A087 785 254

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

JUN QIAN,
> *Petitioner,*

> v.                                        12-3280
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Guang Jun Gao, Law Offices of Guang Jun Gao, LLP, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; William C. Peachey, Assistant Director; Puneet Cheema, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jun Qian, a native and citizen of China, seeks review of a July 23, 2012 decision of the BIA affirming a May 4, 2011 decision of the Immigration Judge ("IJ"), denying Qian's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jun Qian*, No. A087 785 254 (B.I.A. July 23, 2012), *aff'g* No. A087 785 254 (Immig. Ct. N.Y. City May 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and

2

inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Qian not credible, the IJ reasonably relied on inconsistencies between his testimony, asylum application, and documentary evidence as to when he had surgery and when he was released from the hospital. Contrary to Qian's contention, the IJ did consider his explanation that he was mistaken about the relevant dates because he was nervous. However, given the glaring inconsistencies, both within Qian's testimony, and between his testimony, his asylum application, and his documentary evidence, which he was never able to reconcile, the agency was not required to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). This is all the more true where, as here, Qian also attempted to explain the

3

inconsistencies by testifying that his asylum application contained the wrong date because his father (who remains in China) had made a mistake.

There is no merit to Qian's argument that the IJ erred by relying on minor inconsistencies. Under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original). Moreover, Qian's inconsistencies cannot be considered minor. Based on the different dates he provided for his release from the hospital, he variously asserted that he had been hospitalized for two days, two weeks, and one month following surgery.

Finally, Qian contends that the agency's decision is inconsistent with the United Nations High Commissioner for Refugees Handbook on Procedures and Criteria for Determining Refugee Status (the "U.N. Handbook"), which provides that untrue statements, alone, are not a sufficient basis for denying refugee status. However, the U.N. Handbook is not binding on either the agency or this Court. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 427 (1999).

4

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Having reasonably found that Qian failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk